UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, :<br><br>Plaintiff,<br><br>v.<br><br>MELANIE SIMONS,<br><br>Defendant. | Case No.: 1:21-cv-03712 (ALC) (SLC) |

**[PROPOSED] STIPULATED ORDER GOVERNING DISCOVERY
OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Plaintiff Teachers Insurance Annuity Association of America and Defendant Melanie Simons (collectively, the "Parties") through their counsel, stipulate and agree to produce electronically stored information ("ESI") in this case in accordance with the following procedures, and agree to be bound by this stipulation pending approval by the Court. The Parties further agree that, to the extent they have produced documents in this action before approval of this stipulation by the Court, they will re-produce such documents in accordance with the below specifications.

**I.    GENERAL GUIDELINES**

This Order Governing Discovery of Documents and Electronically Stored Information (the "Protocol") will govern the discovery of documents and ESI in this matter as a supplement to the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the United States District Court for the Southern District of New York, and the Court's Policies and Procedures.

This Protocol is not intended to expand any document preservation or production requirements under the Federal Rules of Civil Procedure or limit any protection available to a

Party under those Rules or the Federal Rules of Evidence. The Parties will endeavor to comply with this Protocol, but if compliance creates an undue burden or expense, the Parties shall attempt to resolve such issues in good faith.

## II.     COLLECTION OF ESI

The Parties will meet and confer regarding any proposed limitations on the scope of discovery, including custodians, custodial and non-custodial sources, date ranges, file types, or any additional proposed method to cull documents for review (*e.g.*, search terms, technology-assisted-review, predictive coding).

## III.    PRODUCTION OF ESI

### a. Format

#### 1. Electronic Production of Paper Documents

The Parties shall produce any paper documents, including spreadsheets maintained in paper form according to the following specifications: TIFF or PDF images.

#### 2. Production of Native Files

The Parties shall include in all productions a separate folder that contains all native files that meet production requirements.

However, if producing native files of database application files in original native format would be impracticable, the Parties shall meet and confer regarding an appropriate format including whether there might be more efficient means of obtaining the information by report or an alternate source.

### b. Metadata

All ESI will be produced with a delimited, deduplicated, database load file that contains the following metadata fields, to the extent they exist:

| Field | Definition | Document Type |
|---|---|---|
| Bates Beg | Beginning Bates Number (production number) | All |
| Bates End | End Bates Number (production number) | All |
| Bates Beg Attach | Beginning page of attachment range | All |
| Bates End Attach | Ending page of attachment range | All |
| Attach Range | Bates range of entire family beginning with Bates Beg and ending with Bates End Attach | All |
| Custodian | Name of the custodian of the document produced | All |
| | | |
| File Name | File name of document | All |
| File Extension | File extension of document | All |
| Native File | For documents provided in native format only – relative file path to each native file in the production | All |
| | | |
| Confidentiality | Confidentiality Designation pursuant to Protective Order[1] | All |
| From | Sender | Email |
| To | Recipient | Email |
| CC | Additional Recipients | Email |
| BCC | Blind Additional Recipients | Email |
| Subject | Subject line of email | Email |
| | | |
| Sent Date | Date Sent (mm/dd/yyyy) | Email |
| Sent Time | Time Sent | Email |
| Received Date | Date Received | Email |
| Received Time | Time Received | Email |
| Meeting Start Date/Time | Calendar/Appointment start date and time | Email, Various |
| Message Type | Type of item, e.g. email, calendar item, contact, note, task | Email, Various |
| | | |
| Doc Type | Descriptive field created by the vendor processing software (e.g. email, e-doc, image, attachment) | All |
| Title | Title field value extracted from the metadata of native file | E-docs |
| Author | Creator of a document | E-docs |
| Created Date | Creation Date (mm/dd/yyyy) | E-docs |
| Created Time | Creation Time | E-docs |
| Last Saved By | Last Saved field contained in the metadata of the native file | E-docs |
| Last Modified Date | Last Modified Date | E-docs |
| Last Modified Time | Last Modified Time | E-docs |
| File Extension | File extension of the native file (e.g., XLS, DOC, PDF) | All |

---

[1] In the event that the metadata and branding for confidential designation do not match, the Receiving Party shall, upon discovery of the issue, immediately notify the Producing Party within fourteen (14) days, and from the time of discovery of the issue until the appropriate confidential designation is specified by the Producing Party, the Receiving Party shall treat the document consistent with the higher level of confidentiality.

Metadata Field names may vary depending on the application which generates them. The metadata produced shall have the correct encoding to enable preservation of the documents' original language.

For ESI other than e-mail and e-docs that do not conform to the metadata listed in the above table, such as text messages, Teams, Yammer, Slack, etc., the Parties will meet and confer as to the appropriate metadata fields to be produced.

    **c. Embedded Objects**

Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. Logos and other image files need not be extracted as separate documents as long as they are displayed legibly in the parent document.

    **d. Attachments**

The parties may withhold responsive documents and/or attachments on the basis of attorney-client privilege or work product protection. If within a particular document family one or more documents is produced and one or more documents is withheld, a slip sheet stating that the document(s) has/have been withheld shall be produced.

The Parties will meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client privilege or work product protection.

The attachments will be produced sequentially after the parent e-mail.

    **e. Structured Data**

To the extent a response to discovery requires production of structured data stored in a database, the Parties will meet and confer regarding methods of production. The Parties will

consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

### f. Encryption

The producing Party will take reasonable steps, prior to production, to unencrypt any discoverable ESI that exists in encrypted or password-protected format.

### g. Extracted Text

ESI shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text, notes, or worksheets, speaker notes, tracked changes, redlines and comments.  Upon reasonable request, a producing Party will produce files with any such information in native format, to the extent it is not otherwise visible.

### h. Production Delivery

To maximize the security of information in transit, any media on which documents are produced must be encrypted.  The Producing Party shall transmit the encryption key or password to the Receiving Party, under separate cover, contemporaneously with sending the encrypted media.

### i. Redactions

Parties may redact information that is subject to the attorney-client privilege and work product protection.  Each redaction must be accompanied by redaction text indicating the basis for the redaction.  If documents that the Parties have agreed to produce in native format need to be redacted, the Parties will meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

## IV.   MODIFICATION

This Protocol may be modified by stipulated request, subject to Court approval, or by the Court for good cause shown.

SO STIPULATED, this 30th day of June, 2022:


/s/Christopher C. Coss
Christopher C. Coss
Thomas J. Momjian
Counsel for Plaintiff Teachers Insurance and Annuity Association of America
Coss & Momjian, LLP
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004


/s/Kara M. Maciel
Kara M. Maciel
Counsel for Defendant Melanie Simons.
Conn Maciel Carey LLP
5335 Wisconsin Avenue, NW, Suite 660
Washington, DC 20015


SO ORDERED, this 7th day of July, 2022,

Sarah L. Cave
UNITED STATES MAGISTRATE JUDGE