IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA<br><br>   Plaintiff,<br><br>v.<br><br>MELANIE SIMONS<br><br>   Defendant. | Civil Case No. 1:21-cv-03712-ALC-SLC |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Teachers Insurance & Annuity Association of America, Defendant Melanie Simons, and Non-Parties Mitchell Falter and Jessica Doll, in recognition of the confidential nature of certain documents that may be produced in the above-captioned action, do hereby stipulate and agree, and respectfully petition the Court to enter an Order, as to the following terms.

**1**.  **General Rule.** When a document contains information that is sensitive personal information, trade secrets, or other research, development, or commercial information which is in fact confidential, a producing party may designate the document as "Confidential" by stamping such documents "CONFIDENTIAL," or by titling a native file with the word "CONFIDENTIAL". A party[1] shall not routinely designate material as "Confidential" without a reasonable inquiry to determine whether it qualifies for such designation.

---

[1] For purposes of this Stipulated Protective Order, a "party" or "parties" shall refer to Teachers Insurance & Annuity Association of America, Melanie Simons, and/or Mitchell Falter and Jessica Doll.

2. **Disputes Regarding "Confidential" Designation.** Any party seeking to challenge the "Confidential" designation may make a motion or other application to the Court to strike the designation. It shall be the burden of the party producing the documents ("Producing Party") to establish that the information at issue should be designated "Confidential".

   a. Should any party receiving the documents ("Receiving Party") desire to challenge the "Confidential" designation of any document, the Receiving Party shall notify the Producing Party in writing. Pending resolution by the Parties or the Court, the information in any document with a disputed designation shall continue to be treated as Confidential in accordance with the provisions of this Stipulated Protective Order

   b. If the Receiving Party challenges in writing the "Confidential" status of a document, the Producing Party has 14 days to revoke the "Confidential" designation. If no such revocation is made in writing within such time, then the Receiving Party may petition the Court for the removal of the "Confidential" designation. The parties, however, shall make every reasonable effort to resolve any such disagreements without requiring the intervention of the Court.

3. **Use of "Confidential" Documents or Information.** The Receiving Party shall use "Confidential" documents and information solely in accordance with the provisions of this Order. Other than as provided herein, "Confidential" documents and information, including all excerpts therefrom and summaries thereof, will be disclosed only to the categories of persons listed in Paragraph 5 below.

4. **"Confidential" Documents or Information for Use in this Litigation Only.** The "Confidential" documents and information shall be used by the Receiving Party, and

persons to whom they are disclosed pursuant to this Order, solely for the purpose of this litigation, and not for any other litigation, nor for any other purpose not directly related to this litigation.

5. **Persons Subject to this Protective Order.** The Receiving Party may utilize "Confidential" documents and information for any legitimate purpose directly related to the litigation of this action, including providing access to all persons in the categories listed below:

   a. Persons who appear on the face of the "Confidential" material as author, addressee or recipient thereof; or persons who have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing (but only to the extent of their participation), or in whose files the document or thing was found;

   b. Counsel of record and parties appearing *pro se*;

   c. Any experts or consultants retained for the purposes of this litigation;

   d. Any person, who the parties intend to call as a witness or deponent in this litigation, who agrees in writing to comply with and be bound by the requirements of this Protective Order and (i) who a party knows or reasonably believes has had previous access, or (ii) who have not had previous access, where a party reasonably believes the witness is likely to be called to testify about matters concerning the material the witness is being shown;

   e. The Court, its officers, personnel and staff;

   f. Any witnesses at deposition or trial to the extent necessary for that purpose; and

   g. The parties and employees of the parties assisting in this litigation.

Nothing herein shall prevent a person, who had prior knowledge of information contained in "Confidential" documents from an independent and lawful source from disclosing such information.

6. **Retention of "Confidential" Documents or Information.** All "Confidential" documents and information subject to this Protective Order shall be retained solely in the possession and control of the Producing Party and Receiving Party, or their respective attorney(s), in such a manner as to preserve their confidentiality.

7. **Consent before Disclosure.** Before disclosing any information or documents designated "Confidential" to any of the persons listed in Paragraph 5(d), (e), or (f) above, the party disclosing the "Confidential" documents or information shall advise each person to whom she or it intends to disclose any of the "Confidential" documents or information of the terms of this Order, and will obtain consent from such persons to be bound thereby.

8. **Use of "Confidential" Documents or Information During Depositions.** During depositions, a deponent may be shown or questioned about material designated as "Confidential". During a deposition taken in connection with this litigation, a witness or counsel may indicate on the record that an answer to a question calls for "Confidential" information. Parties and Deponents may, within 10 business days after receiving a transcript of a deposition, designate pages of the transcript and exhibits thereto to be within the scope of this Protective Order by identifying in writing the pages and lines that contain such "Confidential" information. Upon such designation, the designated pages shall be treated as "Confidential" and subject to the terms of this Protective Order. Documents marked as exhibits in the deposition that had been previously marked as "Confidential" shall retain their confidential designation.

9. **Filing "Confidential" Documents or Information Under Seal.** Documents or information designated "Confidential" that a party intends to file with the Court in connection with a motion or other proceeding must be identified to the Producing Party in advance of filing. Pursuant to the Honorable Andrew L. Carter, Jr.'s Individual Rule 6(D), Parties must obtain leave of this Court before filing any document under seal. Any sealing request should include a party's proposed redactions. If leave is granted, parties must file redacted copies with the Clerk of the Court. The Producing Party shall be responsible for drafting the motion and memorandum required under Judge Carter's Individual Rule 6(D).

10. **Use of "Confidential" Materials at Trial**. Prior to trial, the parties will attempt to agree upon procedures for the handling of the "Confidential" documents and information to be introduced at trial. In the event the parties are not able to agree upon such procedures, the matter may be brought to the attention of the Court for resolution.

11. **Upon Termination of This Action.** Upon termination of this action, a party may request in writing the return of that party's "Confidential" documents or information or certify that "Confidential" documents or information have been destroyed by an appropriate method of destruction to be agreed to by the parties, *provided, however*, that it is agreed that counsel for each party may maintain an electronic copy of such documents provided such documents are maintained in such a manner as to ensure their continued confidentiality.

12. **Consent to Jurisdiction.** Any person or party receiving any "Confidential" material in accordance with any provision of this Protective Order agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order. This Court

retains jurisdiction to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate.

October 24, 2022

Respectfully submitted,

*/s/ Christopher C. Coss (phv)*
Joshua B. Katz, Esq.
Kent, Beatty & Gordon, LLP
Eleven Times Square, 10th Floor
New York, NY 10036
(212) 421-4300
Fax: (212) 421-4303
Email: jbk@kbg-law.com

Christopher C. Coss, Esq.
Coss & Momjian, LLP
111 Presidential Boulevard, Suite 214
Bala Cynwyd, Pa. 19004
(610) 667-6800
(610) 667-6620 (fax)
Email: ccc@cossmomjian.com

*Counsel for Plaintiff*

Respectfully submitted,
*/s/ Kara M. Maciel (phv)*
Jordan B. Schwartz, Esq.
Kara M. Maciel, Esq.
Conn Maciel Carey LLP
5335 Wisconsin Ave NW, Suite 660
Washington, DC 20015
Phone: (202) 909-2730
Email: jschwartz@connmaciel.com
          kmaciel@connmaciel.com

*Counsel for Defendant*

Respectfully submitted,

*/s/ Matthew B. Baum*
Matthew B. Baum, Esq.
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
Phone: (212) 370-1300
Fax: (212) 370-7889
Email: mbaum@egsllp.com

*Counsel for Non-Parties Mitchell Falter and Jessica Doll*

**IT IS SO ORDERED:**

New York, New York
October ___, 2022

_____
United States District Court Judge