

**Jordan B. Schwartz**
jschwartz@connmaciel.com
**202-909-2731**

January 20, 2023

**Via ECF and Email**

The Honorable Andrew L. Carter, Jr.
United States District Court, Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

**Re: Teachers Insurance and Annuity Association of America ("TIAA") vs. Melanie Simons**
    **Case No. 1:21-cv-03712**

Dear Judge Carter:

        In accordance with Rule 2(A) of Your Honor's Individual Rules of Practice in Civil Cases, Defendant Melanie Simons submits this correspondence for a pre-motion conference related to her motion for sanctions against TIAA and its counsel of record.

        Sanctions are warranted in this case because TIAA has relentlessly pursued a frivolous breach of contract claim against Simons, its former employee, when it knew that it had no credible facts to support its theory that Simons solicited three other former TIAA employees to resign from the company.  TIAA has been presented with uncontroverted facts through sworn declarations, deposition testimony, and documents demonstrating that it was Simons who was recruited to join a team to form a new wealth management company, and she never breached her non-solicitation covenants with TIAA following her employment.  When it became patently clear that there was no evidence to support its claim, counsel for Simons repeatedly requested that TIAA dismiss its Amended Complaint, but it refused to do so, and has continued to refuse to do so to date, forcing Simons to file a motion for summary judgment and motion for sanctions. Furthermore, TIAA has informed the Court that it will now be pursuing its own motion for summary judgment, which, given the facts and law of this case, is even further evidence of sanctionable conduct.

**TIAA's Refusal to Withdraw its Amended Complaint Prior to Summary Judgment is Sanctionable.**

        The Amended Complaint alleges employee solicitation based entirely on speculation and unsupported by any facts.  TIAA alleges that Simons solicited three former TIAA employees, Mitchell Falter, Jessica Doll, and Thomas Massie to resign from TIAA in February 2021 and start a new company.  Yet, in the initial stages of this lawsuit in June 2021, Falter, Doll, and Massie each produced and filed with this Court sworn declarations under penalty of perjury confirming that they were not solicited by Simons, that Simons played no role in their decisions to resign from TIAA, that they resigned from TIAA immediately after receiving their annual

---

**CONN MACIEL CAREY LLP**|5335 Wisconsin Avenue, NW – Suite 660|Washington, DC 20015|www.connmaciel.com

bonuses, and that it was Falter who actually reached out to Simons and asked her to join the company that the three of them were forming. Simons also provided a sworn declaration confirming those facts.

Faced with this undisputed evidence prior to the commencement of discovery, TIAA had no factual basis to support its single breach of contract count. Accordingly, counsel for Simons asked TIAA to dismiss the Amended Complaint. TIAA, however, refused to do so, in part because it purportedly wished to have the opportunity to challenge Falter's, Doll's, and Massie's sworn declarations via deposition testimony. Yet, during each of their depositions, counsel for TIAA failed to ask even a single substantive question to Falter, Doll, or Massie about their declarations. Furthermore, even after Falter, Doll, and Massie confirmed the facts set forth in their declarations in response to Simons's counsel's questions in their depositions, TIAA has continued to refuse to dismiss this case despite repeated requests to do so by Simons's counsel. TIAA's refusal to do so has forced Simons to spend significant resources and time continuing to defend its baseless claim, including briefing a motion for summary judgment.

## TIAA's Own Anticipated Motion for Summary Judgment is Further Evidence of Sanctionable Conduct.

There are no disputed issues of material fact in this case, as the uncontroverted evidence shows that Simons did not solicit Falter, Doll, and Massie. The undisputed facts in this case are not complicated; there is a simple timeline of three employees preparing to leave TIAA and start a new wealth management firm prior to them inviting Simons to join them. Accordingly, TIAA's decision to continue to pursue this case against Simons for an alleged breach of her non-solicitation agreement and force her to spend significant resources drafting her motion for summary judgment is, in and of itself, inappropriate and sanctionable, and is the basis for Simons's anticipated motion for sanctions. However, TIAA's recent notification to the Court stating that it is now planning on filing its *own* motion for summary judgment, which it is doing in the face of such uncontroverted evidence, is *egregiously* inappropriate, further sanctionable, and shows a complete and fundamental misunderstanding of the summary judgment process. Indeed, if TIAA's unsupported belief that Simons solicited Falter, Doll, and Massie somehow is to be believed – which it should not be – then at best TIAA can hope to create a disputed issue of material fact. Accordingly, TIAA's intention to file its own motion for summary judgment is inappropriate and is just another tactic designed to harass Simons and force her to incur substantial legal fees defending herself.

## TIAA has Violated Rule 11 by Relentlessly Pursuing this Case.

In short, TIAA has continued to prosecute this case based entirely on its own speculation, conjecture, and unfounded allegations, with no facts to support its claim and an abundance of facts that contradict its claim entirely, which is exactly what Rule 11 is intended to prevent.

Given Simons's repeated and consistent confirmation that she was fully complying with her restrictive covenant obligations, including her own and others' sworn declarations, TIAA has violated Rule 11 by clinging to the baseless allegations in its Amended Complaint—long after those allegations were conclusively refuted. Indeed, had TIAA withdrawn its Amended Complaint at the close of discovery – if not earlier – when it was patently clear that there was no

evidence to support it and it knew that Simons intended to seek Rule 11 sanctions, the parties could have avoided briefing the motion for summary judgment and this anticipated motion for sanctions. TIAA's relentless prosecution of this case in the face of uncontroverted facts demonstrating that it was Simons who was recruited to join a team to form a new wealth management company merits sanctions against TIAA and its each of its counsel of record, jointly and severally. *See Galin v. Kunitake Hamada*, 753 Fed. Appx. 3, *8-9 (2d Cir. 2018) (affirming the district court's imposition of sanctions because the plaintiff failed to withdraw his complaint after discovery revealed that the allegations in the complaint lacked factual support); *Klein v. Aicher*, No. 19-cv-9172 (RA), 2020 WL 4194823, at *11 (S.D.N.Y. July 21, 2020) (granting the defendant's sanctions motion and awarding defendant attorney's fees and costs incurred in defending the meritless litigation because the plaintiff failed to withdraw its claims against defendant where evidence demonstrated such claims were groundless).

Accordingly, the only appropriate sanction is to require TIAA and its counsel, jointly and severally, to reimburse Simons for her attorneys' fees and costs associated with defending this action.

Respectfully Submitted,

_/s/_ Jordan B. Schwartz _____
Jordan Schwartz (SDNY Bar No. JS 8310)